UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINA C.[1],

        Plaintiff,

    v.                                                                    23-CV-107 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## DECISION AND ORDER

Plaintiff Christina C. brought this action under 42 U.S.C. §§ 405(g) and

1383(c)(3) of the Social Security Act, seeking review of the decision of the

Commissioner of the Social Security Administration that she was not disabled.  Dkt.

1.  Plaintiff moved for judgment on the pleadings.  Dkt. 6–1.  The Commissioner

responded and cross-moved for judgment on the pleadings.  Dkt. 9–1.  For the

reasons below, the Court denies Plaintiff's motion and grants the Commissioner's

cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on August 8, 2019.[2]  Tr. 10, 216–32.[3]  Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ").  Tr. 127–134, 137–155.  Following the hearing, in which Plaintiff was represented by counsel, ALJ Robert Gonzalez issued a decision finding that Plaintiff was not disabled.  Tr. 7–20.  Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action.  Dkt. 9–1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive when supported by substantial evidence.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).  "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI.  SSI "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).  The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs.  *See* 20 C.F.R. §416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 5 are hereby denoted "Tr. __."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment, or a combination of impairments, that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ still may find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments–both severe and non-severe–that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

<u>DISCUSSION</u>

## I.    **THE ALJ's DECISION**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since filing her application on August 8, 2019. Tr. 12. The ALJ also found that Plaintiff suffered from the following severe impairments: asthma, peripheral neuropathy, depressive disorder, bipolar disorder, panic disorder, post-traumatic stress disorder ("PTSD"), and attention deficit hyperactivity disorder ("ADHD"). *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 12.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

> [Plaintiff] must avoid concentrated exposure to dust, fumes, and noxious gases. She can perform frequent stooping, kneeling, crouching, and stair climbing. [Plaintiff] can understand[,] remember[,] and carry out simple work and adapt to routine

5

workplace changes. She can occasionally interact with supervisors, coworkers, and the general public.

Tr. 14.

The ALJ found that Plaintiff had no past relevant work. Tr. 18. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability since her application date of August 8, 2019. Tr. 19.

## II.   PLAINTIFF'S ARGUMENT

Plaintiff makes three arguments for judgment in her favor. *See* Dkt. 6–1. First, Plaintiff argues the ALJ erroneously evaluated her subjective complaints. *Id.* at 13. Second, Plaintiff claims that the ALJ failed to adequately articulate the persuasiveness of the opinion evidence. *Id.* at 17. Lastly, Plaintiff asserts that the ALJ failed to reconcile the medical opinions of Dr. Santarpia and Dr. Lieber-Diaz. *Id.* at 20.

## III.   ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x. 53, 56 (2d Cir. 2013). The Second Circuit has held that, where "'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity' a medical source statement or formal medical opinion is not necessarily required[.]" *Monroe v. Comm'r*, 676 F. App'x. 5, 8 (2d Cir. 2017) (quoting *Tankisi v. Comm'r,* 521 F. App'x 29, 34 (2d Cir. 2013)). *See also Corbiere v.*

*Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming Commissioner's final decision despite lack of medical opinion expressly discussing Plaintiff's physical limitations and ALJ's reliance on treatment notes to formulate the RFC).

When determining a claimant's RFC, "the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Daily activities are considered in assessing a plaintiff's subjective symptoms. 20 C.F.R. § 416.929(c)(3)(i). The ALJ properly accounted for Plaintiff's ability to cook, perform laundry, care for her child, and socialize with friends and family. Tr. 16, 1044, 1040. Although Plaintiff is correct that these activities do not prove that she can hold a job, the ALJ is permitted to consider them when determining the severity of her symptoms.

Here, Plaintiff argues that the ALJ improperly cited his own lay judgment as a basis for not accepting Plaintiff's complaints, citing the ALJ's statement regarding Plaintiff's conservative medical treatment. Dkt. 6–1 at 15. Medication and treatment are factors used to evaluate a Plaintiff's symptoms. 20 C.F.R. § 416.929(c)(iv)(v). Additionally, the Second Circuit has determined that conservative treatment may weigh against a finding of disability. *See Jessie O. v. Commm'r of Soc. Sec.*, No. 20-CV-06986-MJR, 2022 WL 4481466, at *9 (W.D.N.Y. Sept. 27, 2022) (conservative treatment may weigh against a finding of disability); *Penfield v.*

*Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014) (claimant receiving only conservative treatment is evidence that can weigh against allegations of disabling symptoms).

The ALJ permissibly characterized Dr. Santarpia's consultative examination as showing minimal examination findings. Dr. Santarpia found Plaintiff presented in a manic state and had a rapid, pressured quality of voice. Tr. 1138. While the Plaintiff is correct that Dr. Santarpia acknowledged her manic state, he also found her insight and judgment to be fair, had intact concentration and attention, as well as recent and remote memory skills. Tr. 1139. Dr. Santarpia concluded that Plaintiff's "psychiatric problems and substance abuse history do not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." Tr. 1140. Thus, the ALJ properly relied on Dr. Santarpia's own determination in characterizing his findings as minimal.

Nor did the ALJ improperly evaluate the persuasiveness of opinion evidence by offering only a conclusory analysis of the findings. Dkt. 6–1 at 17. The ALJ found Dr. Liu's opinion persuasive as it was consistent with the normal examination findings in the record and with Plaintiff's daily activities. Tr. 18. The ALJ's RFC determination is consistent with Dr. Liu's finding that Plaintiff had mild limitations in "prolonged sitting, standing, walking, bending, kneeling, squatting, stair climbing, and carrying heavy weights." Tr. 1046. The ALJ found state examiner Dr. Lawrence's opinion partially persuasive as his opinion was not consistent with Plaintiff's treatment for neuropathy and asthma. Tr. 18, 119–20. He also noted that Dr. Lawrence's opinion was consistent with Plaintiff's asthma

treatment and incorporated this limitation in his RFC determination. Tr. 18, 119. Here, the ALJ disagreed with Dr. Lawrence's determination that Plaintiff could perform all levels of exertion and, instead, found her limited to performing light work. Tr. 14, 18. *Barone v. Comm'r of Soc. Sec.*, No. 18-CV-00482 (JJM), 2020 WL 3989350, at *4 (W.D.N.Y. July 15, 2020) ("[w]here an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand") (internal citations omitted) (emphasis in original); *Wynn v. Comm'r of Soc Sec.*, 342 F. Supp 3d 340, 347–348 (W.D.N.Y. 2018) (finding the ALJ properly assigned "little weight" to the opinions of consultative medical sources that "included fewer mental and physical work-related limitations" than the ALJ included in the RFC assessment).

Further, the ALJ found Dr. Santarpia's and Dr. Lieber-Diaz's opinions persuasive as they were supported by Plaintiff's "nature of care and examination findings that fail to support disability." Tr. 18. Dr. Santarpia's examination found that Plaintiff was able to understand, remember, and apply simple and complex directions and instructions. Tr. 1140. Dr. Lieber-Diaz concluded that Plaintiff was "capable of unskilled work in a setting that has limited contact with others." Tr. 117. Both opinions are consistent with the ALJ's RFC determination.

Although Plaintiff is correct that both Dr. Santarpia and Dr. Lieber-Diaz concluded that Plaintiff has moderate limitations, this limitation is consistent with the ALJ's RFC determination of light work. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (the consultative physicians opinion that Plaintiff had moderate

limitations in walking, standing, or lifting are consistent with an RFC for light work); *Luciannete S-R. v. Comm'r of Soc Sec.,* No. 1:20-CV-1516 (WBC), 2022 WL 17404289, at *5 (W.D.N.Y. Dec. 2, 2022) ("The Second Circuit, as well as its district courts, have found that up-to-moderate restrictions are consistent with the ability to do light work").

Plaintiff also argues that the RFC does not include provisions addressing Plaintiff's emotional imbalances. Dkt. 6–1 at 22. In determining Plaintiff's mental limitations, the ALJ found that she had moderate limitations in concentrating, persisting, maintaining pace, and interacting with others. Tr. 13. Additionally, the ALJ found Plaintiff mildly impaired in adapting or managing herself, understanding, remembering, or applying information. *Id.* at 14. Moderate limitations with regulating emotions and controlling behavior have been held to be consistent with an RFC for limited contact with others. *See Susan B. v. Comm'r of Soc. Sec.,* 551 F. Supp 3d 107, 117 n.3 (W.D.N.Y. 2021) (moderate limitations with regulating emotions, controlling behavior, and maintaining well-being was consistent with an RFC for unskilled work involving limited interactions with others); *Jacqueline L. v. Comm'r of Soc Sec.,* 515 F. Supp 2d 2, 8–11 (W.D.N.Y. 2021) (moderate limitations with regulating emotions, controlling behavior, and maintaining well-being was consistent with RFC for low stress work involving limited contact with others). Thus, the ALJ properly determined Plaintiff could have limited contact with others based on Plaintiff's reduced emotional capacity.

The Court rejects Plaintiff's argument that the ALJ should have included additional limitations in the RFC. Dkt. 6–1 at 23. Contrary to Plaintiff's suggestion, *Rivera v. Kijakazi,* No. 21-CV-1193 (CS) (JCM), 2022 WL 4482374, at *2 (S.D.N.Y. Sept 27, 2022), is not to the contrary. In *Rivera,* remand was required because the ALJ improperly evaluated multiple medical opinions that "explicitly state that [p]laintiff would experience limitations in maintaining regular attendance." *Id.* at 3. Plaintiff's comparison between those opinions and the ones of Dr. Santarpia and Dr. Lieber-Diaz falls short. Neither the opinion of Dr. Santarpia nor Dr. Lieber-Diaz suggests that Plaintiff would be incapable of maintaining regular work attendance. Tr. 117, 1140.

The RFC determination is "the most [a claimant] can do despite [her] limitations," and is based on a review of all relevant evidence in the case, including medical and non-medical evidence. 20 C.F.R § 416.495(a). Under the substantial evidence standard of review, Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). Because substantial evidence supports the ALJ's determination, the Court will not disturb it.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 6–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 9–1).  The Clerk of the Court will close this case.

SO ORDERED.

Dated:        January 16, 2024
              Buffalo, New York

                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE